NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIVE NATION MERCHANDISE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-5, JANE DOES 1-4 AND XYZ COMPANY, <br><br> Defendants. | Case No. 2:17-cv-07153 MWF <br><br> **TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION AND SEIZURE ORDER SHOULD NOT ISSUE** |

Based upon the complaint, memorandum of points and authorities, Declaration of Paul Cummings, and the Certificate of Counsel and all other pleadings and proceedings heretofore had herein and good cause being shown:

**IT IS HEREBY ORDERED** that defendants, John Does 1-5, Jane Does 1-4 and XYZ Company their true identities being unknown (collectively "Defendants"), show cause before the Honorable Michael W. Fitzgerald, United States District Judge, in Courtroom 5A of the United States District Court for the Central District of California, First Street Courthouse, located at 350 West 1st Street, Los Angeles, California 90012, at **10:00 a.m. on October 16, 2017,** or as soon thereafter as counsel can be heard, why an order pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Lanham Act, 15 U.S.C. § 1051 et. seq., and the All Writs Act, 28 U.S.C. § 1651, should not be

entered granting to Plaintiff Live Nation Merchandise, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, servicemarks, likenesses, and tour logos and other indicia of the Group known as "FOO FIGHTERS" appearing on Exhibit A of this Order (collectively, the "Group's Trademarks").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing the Group's Trademarks as set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Group's Trademarks, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Group's Trademarks, and impairment of the goodwill Plaintiff and its licensees have in the said Group's Trademarks;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of fourteen (14) days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, and each of them, are hereby temporarily restrained from manufacturing, distributing and selling Infringing

Merchandise bearing the any or all of the Group's Trademarks;

**AND IT IS FURTHER ORDERED** that the United States Marshal for this District or any district in which Plaintiff enforce this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely of the Group "FOO FIGHTERS") **as set forth in the attached Exhibit "A"**, which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four (4) hours before to four (4) hours after any performance of the tour within a four (4) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to on October 7, 2017 at the Glen Helen Amphitheater in San Bernardino, California;

**AND IT IS FURTHER ORDERED** that this order is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, bank check, or cash in the amount of **$5,000** no later than **October 6, 2017,** to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

**AND IT IS FURTHER ORDERED** that this order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt

to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **October 10, 2017**. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before **October 15, 2017**. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

**AND IT IS FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, any defendant can apply to this Court for modification/dissolution of this Order on two (2) days' notice or shorter notice as this Court may allow.

**IT IS SO ORDERED.**

Dated: October 3, 2017  _____
     MICHAEL W. FITZGERALD
     United States District Judge

# **EXHIBIT A**

![FF logo](data:,)

Registration Number 5020986



Serial Number 87479691



Serial Number 87479687